# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUSSAM M. KERDIYA,<br><br>    Petitioner,<br><br>    v.<br><br>KATHY ALLISON, Warden,<br><br>    Respondent. | Case No. CV 11-3211-TJH (JEM)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

On April 14, 2011, Houssam M. Kerdiya ("Petitioner"), a state prisoner, filed a petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254, in which he challenges the 2009 decision of the California Board of Parole Hearings ("Board") finding him unsuitable for parole. (Petition, Attachment at 1.)

Although the Petition purports to raise four grounds for federal habeas relief, they are fairly construed as a single claim challenging the merits of the Board's 2009 decision to deny him parole. (See Petition, Attachment at 13-21.)

**DISCUSSION**

This Court has a duty to screen habeas corpus petitions. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from

the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an order for summary dismissal of the petition.  Id.; see also Local Rule 72-3.2.

Summary dismissal is appropriate in this case because the Supreme Court's decision in Swarthout v. Cooke, __ U.S. __, 131 S. Ct. 859 (2011), precludes habeas relief for Petitioner's claim.  In Swarthout, the Supreme Court recognized that Board decisions are reviewed by California state courts under a standard of "whether 'some evidence' supports the conclusion that the inmate is unsuitable for parole because he or she currently is dangerous."  Swarthout, 131 S. Ct. at 860 (quoting In re Lawrence, 44 Cal.4th 1181, 1191 (2008)) (additional citation omitted).  The Court also acknowledged as reasonable the Ninth Circuit holding that California law governing parole creates a cognizable liberty interest for purposes of analyzing a federal due process claim.  Id. (citing Cooke v. Solis, 606 F.3d 1206, 1213 (9th Cir. 2010)).  However, the Court emphasized that any such interest is "a state interest created by California law"; there is no corresponding substantive right under the United States Constitution to conditional release before expiration of a valid sentence.  Id. at 862 (citation omitted); see also id. ("No opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement").

Therefore, regardless of the standard of judicial review applied by California state courts, the proper scope of federal habeas review in the context of a parole decision concerns only the constitutional question of whether fair and adequate procedures were employed for protection of the prisoner's state-created liberty interest.  Id. ("When . . . a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication – and federal courts will review the application of those constitutionally required procedures."); see also id. ("Because the only federal right at issue is procedural, the relevant inquiry is what process [the petitioner] received, not whether the state court decided the case correctly.").  The Court reaffirmed that "[i]n the context of a decision regarding parole release, we have held that the procedures required [by the Constitution] are minimal."  Id. at 862 (citing Greenholtz v. Inmates of Nebraska Penal and Correctional

Complex, 442 U.S. 1, 16 (1979) (adequate process consisted of an opportunity to be heard and a statement of reasons for parole denial)). Any further inquiry into the actual merits of a parole decision, and specifically into the question of whether the "some evidence" standard regarding present dangerousness was satisfied, would involve a question of state law that is not cognizable on federal habeas review. Id. at 863 ("[I]t is no federal concern here whether California's 'some evidence' rule of judicial review . . . was correctly applied"); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Engle v. Isaac, 456 U.S. 107, 121 n. 21 (1982).

Following Swarthout, Petitioner may not obtain habeas relief on the grounds asserted in his Petition, which essentially challenge the quantum of evidence supporting the Board's 2009 decision denying him parole. Although Petitioner attempts to circumvent Swarthout and Greenholtz by stating that he was not afforded the "right to be heard" (Petition, Attachment at 1), the transcript of the 2009 Board hearing clearly shows that Petitioner testified at length, presented beneficial evidence, and received a written statement of reasons for the Board's decision. (See Petition, Ex. A.) Because the procedures followed by the Board were constitutionally sufficient, there is no basis for federal habeas relief. Swarthout, 131 S. Ct. at 862; Greenholtz, 442 U.S. at 16. The Petition is therefore subject to summary dismissal.

**ORDER**

IT IS HEREBY ORDERED that the Petition be dismissed with prejudice.

IT IS SO ORDERED.

DATED: May 23, 2011

_____
TERRY J. HATTER, JR.
UNITED STATES DISTRICT JUDGE